UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES L. WAVER,         ) 1:06CV1239
                         )
        Petitioner,     )
                         ) JUDGE DONALD NUGENT
        v.            ) (Mag. Judge McHargh)
                         )
RICH GANSHEIMER,    )
                         )
        Respondent   ) REPORT AND
                         ) <u>RECOMMENDATION</u>

McHARGH, MAG. J.

The petitioner, James L. Waver ("Waver"), filed a petition pro se for a writ of

habeas corpus, arising out of his January 1998 convictions for two counts of rape,

with sexually violent predator specifications, and one count of felonious assault,

with a sexual motivation specification, in the Cuyahoga County (Ohio) Court of

Common Pleas.  (Doc. 1.)  In his petition, Waver raises eleven grounds for relief:

> 1.  "Petitioner alleges his case falls within one [of] the exceptions to the
> exhaustion requirement.  28 U.S.C. § 2254(b) (4) (7) and (8).  Petitioner
> alleges that the Grand Jury lacked subject-matter jurisdiction to indict
> him," that as a result he was denied due process of law during his
> criminal trial, and the evidence supporting the determination that he
> is a Sexually Violent Predator is insufficient.
>
> 2.  "Petitioner invokes the Continuing Violation Doctrine, and alleges
> that the Sexually Violent Predator element and specification as was
> used in his Grand Jury proceedings, on into his Criminal Trial to
> support his convictions and sentences, render those proceedings
> fundamen[t]ally unfair."

3.  "Petitioner alleges an absence of corrective process since he may no longer take an appeal and there exist no other judicial remedy of challenging his convictions and sentences."

4.  "Petitioner alleges that procedural default may be excused because the failure to consider his claims will result in a fundamental miscarriage of justice."

5.  "Petitioner asserts that the miscarriage of justice exception is applicable to his case since his indictment as a sexually violent predator for which he in turn was convicted and sentenced – but for which he has no such prior conviction."

6.  "Petitioner alleges vindictive prosecution."

7.  "Petitioner was denied a fundamental fair trial when the prosecution was allowed to used [sic] sexually violent predator as an element and specification – or substantive element of guilt."

8.  "Petitioner alleges that the trial court erred in allowing the sexually violent predator element and specification to be in the same indictment."

9.  Ineffective assistance of counsel.

10.  "The Grand Jury failed to fully perform its functions."

11.  "Entitlement to an evidentiary hearing."

(Doc. 1, at § 12.)

This court had dismissed the petition as time-barred, noting that "Waver had exhausted all available remedies well over one year prior to the date he filed this action." (Doc. 5, at 2.)  On appeal, Waver apparently argued that the one-year limitation period should be equitably tolled on account of his actual innocence of the sexually-violent-predator specifications.  (See doc. 12, at 1.)

2

A panel of the Sixth Circuit vacated the dismissal, and remanded the case to this court, with instructions:

> Specifically, the district court shall consider and determine whether equitable tolling applies where, as here, a petitioner seeks relief from the limitations period set forth in 28 U.S.C. § 2244(d)(1) on the basis of a claim of actual innocence of a non-capital sentence.  The district court also shall determine whether the Supreme Court of Ohio's decision in Smith[1] provides a basis for re-triggering the limitations period in this case.  Finally, if the district court determines that equitable tolling is applicable in this context, it shall also consider whether Petitioner was required to exercise due diligence in pursuing his claim, if he in fact did exercise such diligence, and, if not, whether Petitioner's ineffective assistance of counsel claim provides a basis for excusing his lack of diligence.

(Doc. 12, at 3.)

Since the remand, the respondent has filed a Return of Writ (doc. 21), and petitioner has filed a Traverse (doc. 26).

## I.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with

---

[1]  "Conviction of a sexually violent offense cannot support the specification that the offender is a sexually violent predator as defined in [Ohio Rev. Code § ] 2971.01(H)(1) if the conduct leading to the conviction and the sexually violent predator specification are charged in the same indictment."  State v. Smith, 104 Ohio St.3d 106, 818 N.E.2d 283 (2004) (syllabus).

respect to any claim which was adjudicated on the merits by a state court.  The

Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied -- the state-court adjudication resulted in a
> decision that (1) "was contrary to ... clearly established Federal law, as
> determined by the Supreme Court of the United States," or (2)
> "involved an unreasonable application of ... clearly established Federal
> law, as determined by the Supreme Court of the United States."
> Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by this Court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable
> facts.  Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291

F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court

precedent "if the state court applies a rule that contradicts the governing law set

forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v.

Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court

considers the state decision to be erroneous or incorrect.  Rather, the federal court

must determine that the state court decision is an objectively unreasonable

application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Waver has filed his petition pro se.  The pleadings of a petition drafted by a

pro se litigant are held to less stringent standards than formal pleadings drafted by

4

lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

Several of the grounds put forward by Waver allege violations of Ohio statutory law. The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio law is not properly before this court. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).


## II. PROCEDURAL BACKGROUND

On May 8, 1997, Connie Thomas was raped. She accused Waver of the crime. Thomas and Waver had lived together on and off for ten years. After a jury trial, Waver was found guilty of two counts of rape in violation of Ohio Revised Code § 2907.02, and one count of felonious assault in violation of Ohio Revised Code § 2903.11. (Doc. 21, RX 5.) In addition, the trial court found Waver to be a sexually violent predator as charged in the specification to counts one and two of the

indictment, and that he acted with a sexual motivation as charged in the specification to count three of the indictment.  (Doc. 21, RX 6.)

On January 12, 1998, Waver was sentenced to consecutive prison terms of ten years to life for each rape conviction, and eight years for the felonious assault conviction.  (Doc. 21, RX 6.)  The trial court also found that Waver was classified as a sexual predator as a result of his conviction on the sexually violent predator specification.  (Doc. 21, RX 6-7.)

## A. Direct Appeal

Waver, through counsel, filed a timely appeal in the state court of appeals. (Doc. 21, RX 8.)  Subsequently, Waver, through new counsel, raised the following assignments of error:

> 1. The Court's finding of guilt of the sexually violent predator specification is not supported by the evidence.
>
> 2. The Court's finding of guilt of the sexual motivation specification was not supported by the evidence.
>
> 3. Improper prosecutorial remarks during closing argument denied appellant a fair trial.
>
> 4. Evidence of alleged other acts of the appellant were inadmissible under Ohio Rule of Evidence 404 (B).
>
> 5. The verdict was against the manifest weight of the evidence.
>
> 6. The trial court erred in not merging the rape counts as allied offenses of similar import.
>
> 7. The trial court erred in not affording appellant a right to allocution.
>
> 8. The trial court failed to comply with R.C. 2929.19(B)(3)(b) and (e).

9. The trial court abused its discretion in imposing maximum consecutive sentences.

10. The evidence was insufficient to sustain a verdict of guilt on two separate charges of rape.

(Doc. 21, RX 9.)  On Aug. 19, 1999, the court of appeals affirmed Waver's convictions, but remanded for resentencing because Waver was sentenced without receiving the right of allocution as required under Ohio Crim.R. 32(A)(1).  (Doc. 21, RX 11; State v. Waver, No. 73976, 1999 WL 632902 (Ohio Ct. App. Aug. 19, 1999).)

The re-sentencing hearing was held on Sept. 16, 1999, and the trial court re-imposed the same sentence.  (Doc. 21, RX 12-13.)

Waver failed to file a timely appeal to the Supreme Court of Ohio.

### B. State Habeas Corpus

While his direct appeal was pending, Waver filed a state habeas corpus petition pro se in the Supreme Court of Ohio on July 15, 1999, alleging a violation of his speedy trial rights.  (Doc. 21, RX 14.)  Waver based his petition on the claim that "the Court of Common Pleas was without jurisdiction over the matter and the convictions obtained are void."  Id. at ¶ 2.  The Supreme Court of Ohio sua sponte dismissed Waver's petition on September 1, 1999.  (Doc. 21, RX 15.)

### C.  Rule 26(B) Application to Reopen

On Oct. 14, 1999, Waver filed an application pro se to reopen his appeal in the court of appeals.  Waver alleged that appellate counsel was ineffective for failing to argue:  (1) that his right to a speedy trial, pursuant to Ohio Rev. Code §

7

2941.401, was violated; and (2) that his trial counsel was ineffective for failing to argue right to a speedy trial was violated.  (Doc. 21, RX 16.)  The court of appeals denied Waver's application to reopen his appeal.  (Doc. 21, RX 17; State v. Waver, No. 73976, 2000 WL 1257435 (Ohio Ct. App. Aug. 28, 2000).)  Waver did not appeal the denial to the Supreme Court of Ohio.

### D.  Petition for Writ of Mandamus

On May 14, 2004, after almost four years had passed, Waver filed a pro se "complaint for writ of mandamus, or in the alternative, a writ of prohibition" in the court of appeals, with Judge Eileen Gallagher named as respondent. (Doc. 21, RX 18.)  Waver sought the writ on the basis that "the absence of a valid jury waiver deprived the court of subject matter jurisdiction to hear and determine the sexually violent predator specifications."  Id. at ¶¶ 11-13.  The court of appeals granted the state's motion to dismiss, holding that "an extraordinary writ is not the proper remedy for a claimed jury-waiver violation."  (Doc. 21, RX 20, 22-23; State ex rel. Waver v. Gallagher, No. 84662, 2004 WL 1853164 (Ohio Ct. App. Aug. 18, 2004).)

Waver appealed the dismissal to the Supreme Court of Ohio. (Doc. 21, RX 24-25.)  On March 16, 2005, the Supreme Court affirmed the judgment of the appellate court, holding that Waver's "jury-trial-waiver claim is not cognizable in mandamus or prohibition."  (Doc. 21, RX 27-28; State ex rel. Waver v. Gallagher, 105 Ohio St.3d 134, 823 N.E.2d 449 (2005) (per curiam).)

### E.  Delayed Appeal to Supreme Court of Ohio

On April 11, 2005, Waver filed a notice of appeal and a motion for leave to file a delayed appeal (concerning his 1999 re-sentencing) in the Supreme Court of Ohio.  (Doc. 21, RX 29-30; see generally RX 11.)  On July 29, 2005, the Supreme Court of Ohio denied leave to file a delayed appeal. (Doc. 21, RX 31, State v. Waver, 106 Ohio St.3d 1408, 830 N.E.2d 342 (2005).)

### F.  Delayed Application for Reconsideration

While his motion for leave to file a delayed appeal to the state high court was pending, Waver also filed a "delayed application for reconsideration pursuant to Appellate Rule 26(A)" in the court of appeals, on April 29, 2005.  Waver sought reconsideration of the appellate decision on direct appeal concerning his 1998 convictions.  Waver acknowledged that "[m]ore than ten (10) days had passed since the Court's decision was filed in this case."  In support of his motion, Waver cited the Ohio Supreme Court's December 8, 2004, decision in State v. Smith, 104 Ohio St.3d 106, 818 N.E.2d 283 (2004).  (Doc. 21, RX 32.)

On April 3, 2006, the Court of Appeals denied Waver's delayed application for reconsideration. (Doc. 21, RX 35.)  Waver did not appeal the denial to the Supreme Court of Ohio.

### G. Second Petition for Writ of Mandamus

Finally, on December 16, 2005, Waver filed a "petition for an alternative writ of mandamus" in the state court of appeals.  Again, Waver named Judge Eileen

9

Gallagher as the respondent. (Doc. 21, RX 36.)  Waver sought the writ on the basis that "[t]he grand jury lacked the authority to indict [him] for the Sexually Violent Predator Specifications" because he could not be so indicted on the basis of a conviction that had not yet occurred.  Id. at ¶ 8.

The Cuyahoga County Prosecutor, on behalf of Judge Gallagher, filed a motion to dismiss Waver's petition. (Doc. 21, RX 37.)  Waver opposed the motion to dismiss, citing the Ohio Supreme Court's decision in State v. Smith. (Doc. 21, RX 38.)  The court of appeals dismissed Waver's writ and granted the State's motion to dismiss holding that "[a]ppeal is. . . the remedy for asserting Waver's challenge [and] relief in mandamus is not appropriate."  (Doc. 21, RX 39, at 3; State ex rel. Waver v. Gallagher, No. 87495, 2006 WL 890913, at *1 (Ohio Ct. App. Apr. 3, 2006).)  Waver failed to appeal to the Supreme Court of Ohio.

On May 18, 2006, Waver filed a federal petition for a writ of habeas corpus in this court.  (Doc. 1.)


### III.  STATUTE OF LIMITATIONS

The respondent argues that the petition should be dismissed because it was filed after the statute of limitations had expired.  (Doc. 21, at 16-18.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final."  Carey v. Saffold, 536 U.S.

214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A).  The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).

The one-year limitations period for a claim that challenges a re-sentencing judgment begins on the date that the re-sentencing judgment became final, rather than the date that the original conviction became final. Bachman v. Bagley, 487 F.3d 979, 982 (6th Cir. 2007); Linscott v. Rose, 436 F.3d 587, 591 (6th Cir. 2006); Frazier v. Moore, No. 2:05CV1112, 2006 WL 3146436, at *7 (S.D. Ohio Oct.31, 2006), aff'd, 2007 WL 3037256 (6th Cir. Oct. 17, 2007).  Waver was re-sentenced on Sept. 16, 1999.  (Doc. 21, RX 12-13.)

Under Ohio law, Waver had 30 days within which to file his direct appeal after the date of sentencing.  Ohio R. App. P. 4(A).  Since he did not file a timely direct appeal, his conviction became final 30 days after the journal entry of sentencing.  Thus, the habeas statute would begin to run on Oct. 16, 1999.

11

However, Waver had filed his Rule 26(B) application to reopen his appeal on Oct. 14, 1999.  (Doc. 21, RX 16.)  The limitations period had not yet begun to run.  A Rule 26(B) application is considered collateral post-conviction review, Lopez v. Wilson,  426 F.3d 339, 351-352 (6th Cir. 2005) (en banc), cert. denied, 547 U.S. 1099 (2006); Morgan v. Eads, 104 Ohio St.3d 142, 818 N.E.2d 1157 (2004) (syllabus), which tolls the limitations period while it is pending, Linscott, 436 F.3d at 591.  The court of appeals denied his application, on August 28, 2000.  (Doc. 21, RX 17.)

Waver did not seek timely review by the Ohio Supreme Court within 45 days, pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(1), so the limitations period resumed running forty-five days later (Oct. 13, 2000), and expired one year later, on approximately Oct. 12, 2001.

Waver filed a motion for leave to file a delayed appeal on Apr. 11, 2005.  (Doc. 21, RX 29.)  By that date, the limitations period had already run.  Although filing a motion for a delayed appeal may toll the running of a pending, unexpired one-year limitations period, it will not "revive" the statute, or cause it to begin running anew. DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006); Searcy v. Carter, 246 F.3d 515, 519 (6th Cir.), cert. denied, 534 U.S. 905 (2001); Buda v. Eberlin, No. 5:06cv1807, 2006 WL 2711792 (N.D. Ohio Sept. 21, 2006).

Waver did not filed his federal petition for a writ of habeas corpus until May 18, 2006, over four years after the limitations period had run.  The court dismissed the petition as time-barred, noting that "Waver had exhausted all available

remedies well over one year prior to the date he filed this action." (Doc. 5, at 2.)  A panel of the Sixth Circuit subsequently vacated the dismissal, and remanded the case to this court. (Doc. 12.)

## IV.  EQUITABLE TOLLING

The Sixth Circuit panel has directed this court to "consider and determine whether equitable tolling applies where, as here, a petitioner seeks relief from the limitations period set forth in 28 U.S.C. § 2244(d)(1) on the basis of a claim of actual innocence of a non-capital sentence." (Doc. 12, at 3.)  The respondent argues that Waver is not entitled to equitable tolling.  (Doc. 21, at 24-45.)

The Supreme Court has noted that, to benefit from equitable tolling, the petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way.  Lawrence v. Florida, 549 U.S. 327, 336 (2007); see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fleming v. Lazaroff, No. C-1-05-513, 2006 WL 1804546, at *4 (S.D. Ohio June 28, 2006).  Sixth Circuit case law has consistently held that the circumstances which will lead to equitable tolling are rare.  Souter v. Jones, 395 F.3d 577, 590 (6th Cir. 2005) (quoting Schlup v. Delo, 513 U.S. 298, 321 (1995)); King v. Bell, 378 F.3d 550, 553 (6th Cir. Aug. 3, 2004) (citing Dunlap v. United States, 250 F.3d 1001, 1009 (6th Cir. ), cert. denied, 534 U.S. 1057 (2001)); see also Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000) (rare and exceptional).  "Typically,

13

equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560-561 (6th Cir. 2000) (citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984); Johnson v. United States Postal Serv., 64 F.3d 233, 238 (6th Cir. 1995)).

The following factors are generally considered when the issue of equitable tolling arises:

> (1) lack of actual knowledge of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

King, 378 F.3d at 553 (quoting Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)). These factors "are not comprehensive, nor is each of the five factors relevant in all cases." Huey v. Smith, No. 04-2179, 2006 WL 2860605, at *2 (6th Cir. Oct. 5, 2006) (quoting Cook v. Stegall, 295 F.3d 517, 521 (6th Cir. 2002)). Instead, courts consider equitable tolling on a "case-by-case basis." Id.

When the petitioner does not claim ignorance of the filing requirement, the court examines his diligence in pursuing his rights and the reasonableness of his ignorance of the effect of his delay. King, 378 F.3d at 553. See also Smith, 208 F.3d at 17 (party seeking equitable tolling must have acted with reasonable diligence throughout period he seeks to toll). Waver does not state that he was ignorant of the filing requirements for a habeas petition.

14

As is apparent from the preceding discussion, the doctrine of equitable tolling allows a petitioner to file what would ordinarily be an untimely petition because there was "some extraordinary circumstance," beyond the petitioner's control, which prevented the petitioner from timely meeting the statutory deadline which Congress mandated in the AEDPA.  Lawrence, 549 U.S. at 336; see generally Graham-Humphreys, 209 F.3d at 560-561.

Waver contends that he should benefit from equitable tolling on the basis that he is "actually innocent" of the sexually violent predator specifications.  (Doc. 26, at 16-18.)  He argues that the Supreme Court of Ohio held, in 2004, that the qualifying conviction should predate the indictment.  Id. at 17, citing Smith, 104 Ohio St.3d 106, 818 N.E.2d 283.  He asserts that, under Smith, he cannot be guilty of the specifications, and that the Smith decision "demonstrates that his original conviction was improper and constitutionally suspect."  Id. at 18-19.

The Sixth Circuit has allowed for equitable tolling based on actual innocence under certain limited and extraordinary circumstances.  McSwain v. Davis, No. 06-1920, 2008 WL 2744640 (6th Cir. July 15, 2008), cert. denied, 129 S.Ct. 2824 (2009); Souter, 395 F.3d at 597-599.  In Souter, the petitioner was able to point to new evidence, unavailable at the time of his trial, supporting a credible claim of actual innocence.  See, e.g., Souter, 395 F.3d at 583-584.  The threshold inquiry was whether the new facts raised sufficient doubt about the petitioner's guilt to

undermine confidence in his conviction.  Souter, 395 F.3d at 590 (quoting Schlup,

513 U.S. at 317).  Souter stated:

> To establish actual innocence, "a petitioner must show that it is more
> likely than not that no reasonable juror would have found petitioner
> guilty beyond a reasonable doubt."  [Schlup, 513 U.S. at 327].  The
> [Supreme] Court has noted that "actual innocence means factual
> innocence, not mere legal insufficiency."  Bousley v. United States, 523
> U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).  "To be credible,
> such a claim requires petitioner to support his allegations of
> constitutional error with new reliable evidence -- whether it be
> exculpatory scientific evidence, trustworthy eyewitness accounts, or
> critical physical evidence -- that was not presented at trial."  Schlup,
> 513 U.S. at 324, 115 S.Ct. 851.  The Court counseled however, that
> the actual innocence exception should "remain rare" and "only be
> applied in the 'extraordinary case.' "  Id. at 321, 115 S.Ct. 851.

Souter, 395 F.3d at 590; see also Maag v. Konteh, No. 3:05CV1574, 2006 WL

2457820, at *1 (N.D. Ohio Aug. 23, 2006).

It is Waver's burden to show that this is "one of those extraordinary cases

where a credible claim of actual innocence has been established by new evidence."

McSwain, 2008 WL 2744640.  The Supreme Court has emphasized that "the Schlup

standard is demanding and permits review only in the 'extraordinary' case."  House

v. Bell, 547 U.S. 518, 538 (2006) (citing Schlup, 513 U.S. at 327).

Waver does not point to any new factual evidence which was unavailable at

trial that would undermine the validity of his conviction.  See, e.g., Saylor v. Mack,

No. 00-4357, 2001 WL 1141294, at *2 (6th Cir. Sept. 17, 2001) (no new evidence to

support actual innocence claim).  See also Ross v. Berghuis, 417 F.3d 552, 555-556

(6th Cir. 2005).  Instead, Waver urges the court to consider and apply a state high

16

court decision decided in December 2004, construing a state statute, almost seven years after his January 1998 conviction by the jury, and over five years after his September 1999 re-sentencing.

At the time of Waver's conviction and sentencing, and prior to the Smith decision, Ohio courts had not uniformly interpreted Ohio Rev. Code § 2971.01(H)(1) to require a prior conviction in order to satisfy the specification.  At that time, the relevant portion of the statute read:

> A "[s]exually violent predator" means a person who has been convicted of or pleaded guilty to committing, on or after January 1, 1997, a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses.

Ohio Rev. Code § 2971.01(H)(1) (1997).  Several Ohio courts of appeal had read the language of the statute to permit the specification to be satisfied by a contemporaneous conviction.  Under that reading, Waver would be adjudged a "sexually violent predator" because he was convicted of committing, after Jan. 1, 1997, a sexually violent offense (if he also was found likely to engage in such conduct in the future).

For example, in State v. Oldham, the accused was convicted of three counts of rape.  The Eighth District Court of Appeals noted that rape was a sexually violent offense.  The court also stated that:

> The state conceded that Oldham had not been convicted of sexually oriented offenses two or more times, that they had no documented history from Oldham's childhood, and that they had no evidence that Oldham chronically committed offenses with a sexual motivation.

17

State v. Oldham, No. 73644, 1999 WL 304314, at *5 (Ohio Ct. App. May 13, 1999). However, the court of appeals pointed to evidence at trial that the accused had "tortured" the rape victim, and that another victim feared both for his own life and for that of the rape victim.  The court concluded that:  "Based upon the evidence presented [at trial], the trial court had sufficient evidence to support its finding that Oldham was a sexually violent predator."  Id.

In State v. McDonald, the Fifth District Court of Appeals rejected an argument that "the trial court was without the authority to make a determination on the specification" because the judgment entry of conviction was filed a week after the hearing on the specification was held.  "Upon review, we find the guilty verdict was on record prior to the hearing and the statutory requirements were met."  State v. McDonald, No. 1999CA00019, 2000 WL 222132, at *1 (Ohio Ct. App. Feb. 14, 2000).

In State v. Reigle, the Third District Court of Appeals interpreted Section 2971.01(H) to mean that "the accused must have been convicted of a sexually violent offense prior to conviction of the offense charged in the indictment."  State v. Reigle, No. 5-2000-14, 2000 WL 1682520, at *7 (Ohio Ct. App. Nov. 9, 2000).  This is the interpretation adopted by the Supreme Court of Ohio in Smith, four years later.

However, shortly before Smith was decided, the Ninth District Court of Appeals found to the contrary.  In State v. Haven, the Ninth District ruled that "the plain language [of Section 2971.01(H)(1)] supports an interpretation which does not

18

require a prior conviction, but, instead, permits classification of a defendant as a

sexually violent predator where he is convicted only of the underlying offense to

which the specification was attached." State v. Haven, No. 02CA0069, 2004 WL

1103957, at *4 (Ohio Ct. App. May 19, 2004).  The court stated that:

> The plain language of R.C. 2971.01(H)(1), a comparison to various
> other specifications and statutory schemes, as well as the arbitrary
> and incongruous results which would result from requiring a prior
> conviction in this case lead us to disagree with the Reigle court. We,
> therefore, find that a defendant need not have a prior conviction for a
> sexually violent offense at the time of indictment in order for a
> sexually violent predator specification to attach under R.C.
> 2941.148(A). A conviction on the underlying offense is enough.

Haven, 2004 WL 1103957, at *7.  See also Waver, 1999 WL 632902, at *5-*6.

In December of 2004, of course, the Supreme Court of Ohio resolved the issue,

and interpreted the requirements for a sexually violent predator specification found

in the then-current version of Ohio Rev. Code § 2971.01.  Smith, 104 Ohio St.3d at

107, 818 N.E.2d at 284.  The court ruled:

> Conviction of a sexually violent offense cannot support the
> specification that the offender is a sexually violent predator as defined
> in [Ohio Rev. Code § ] 2971.01(H)(1) if the conduct leading to the
> conviction and the sexually violent predator specification are charged
> in the same indictment.

Smith, 104 Ohio St.3d 106, 818 N.E.2d 283 (syllabus).[2]  (Haven was subsequently

reversed on the basis of the Smith decision.  State v. Haven, 105 Ohio St.3d 418

(2005)).

Waver contends that no reasonable jury could possibly conclude that his 1998

conviction under the specifications was proper.  (Doc. 26, at 20.)  On the contrary,

several Ohio courts of appeal would have held it proper, and the court cannot find

that a jury would have been unreasonable to reach the same finding.  See, e.g.,

Haven, 2004 WL 1103957, at *7; Oldham, 1999 WL 304314, at *5; see also doc. 26,

at 24 ("not until 2004 that the Ohio Supreme Court overruled past practice that the

Specification did not require a prior conviction").

The Smith decision does not have retroactive application to closed cases.

State v. Haynes, No. 07AP-508, 2007 WL 4285139, at *1 n.3 (Ohio Ct. App. Dec. 4,

2007).  At the time that Waver was convicted and sentenced, Ohio law on this issue

would not have led to sufficient doubt about the petitioner's guilt to undermine

---

[2]  Interestingly, the Ohio legislature subsequently amended the statute in 2005
to more explicitly support the result that the Haven court had expounded.  See, e.g.,
State v. Hardges, No. 24175, 2008 WL 4724692, at *13 (Ohio Ct. App. Oct. 29, 2008).

confidence in his conviction.[3]  Waver has not demonstrated it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.

Rather than "a credible claim of actual innocence," then, Waver's argument seems to rely more on "innocence" of the specification based on a state court case decided in 2004.  See, e.g., doc. 26, at 19 (asserting Smith demonstrates his original conviction was improper).  Where the petitioner does not provide new exculpatory evidence, the case does not fit within the actual innocence equitable tolling exception of Souter v. Jones.  Ross, 417 F.3d at 555.

Waver has failed to demonstrate that this is one of those extraordinary cases where a credible claim of actual innocence has been established by new evidence.  Waver is not entitled to equitable tolling  to resurrect his untimely petition.


## V.  "NEW RULE" DOCTRINE

The Sixth Circuit panel also directed this court to "determine whether the Supreme Court of Ohio's decision in Smith provides a basis for re-triggering the

---

[3]  Waver's arguments appear to request that this court retroactively apply a 2004 state court interpretation of a state statute to his 1998 criminal conviction under that criminal statute.  Any alleged misinterpretations of Ohio law are not properly before this court.  Lewis, 497 U.S. at 780.  See generally Harkins v. Wyrick, 589 F.2d 387, 391 (8th Cir. 1979) (citing Israel v. Odom, 521 F.2d 1370, 1376 (7th Cir. 1975)) (interpretation of state statutory law is not proper function of federal habeas court); Maddux v. Rose, 483 F.Supp. 661, 666 (E.D. Tenn. 1980), aff'd, 627 F.2d 1091 (6th Cir. 1980) (same).  Rather, the court's ultimate determination would be whether the state court decision was contrary to federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

limitations period in this case." (Doc. 12, at 3.)  The respondent contends that

Waver is not entitled to statutory tolling.  (Doc. 21, at 16-23.)

## A.  Section 2244(d)(1)(C)

Regarding the "new rule" doctrine, the habeas statute provides that the one-

year limitation period shall run from "the date on which the constitutional right

asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on

collateral review." 28 U.S.C. § 2244(d)(1)(C).  See, e.g., Tyler v. Cain, 533 U.S. 656,

677 (2001) (Breyer, J., dissenting); Outlaw v. Sternes, 233 F.3d 453, 455 (7th Cir.

2000).  This provision is inapplicable here for two reasons:  1) the Smith case was

decided by the Ohio Supreme Court, not the U.S. Supreme Court, and 2) the Smith

decision was not a constitutional decision, but rather a decision construing Ohio's

criminal statutes.[4]

## B.  Section 2244(d)(1)(D)

Under 28 U.S.C. § 2244(d)(1)(D), the limitations period begins on "the date on

which the factual predicate of the claim or claims presented could have been

discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  The

limitations period under 28 U.S.C. § 2244(d)(1)(D) does not begin "when a prisoner

actually understands what legal theories are available."  Owens v. Boyd, 235 F.3d

---

[4] "In this case, we are called upon to interpret the requirements for a sexually
violent predator specification found in [Ohio] R.C. Chapter 2971."  Smith, 104 Ohio
St.3d at 107, 818 N.E.2d at 284.

356, 359 (7th Cir. 2000).  Accord Townsend v. Lafler, No. 02-2151, 2004 WL 1098757 (6th Cir. May 14, 2004), cert. denied, 543 U.S. 1062 (2005).  Rather, the year "begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."  Id.  See also Earls v. Hernandez, 403 F.Supp.2d 985, 989 (C.D. Cal. 2005) (citing cases).

The factual predicate here is the allegedly improper presence and application of the specifications.  See generally Lo v. Endicott, 506 F.3d 572, 576 (7th Cir. 2007), cert. denied, 128 S.Ct. 1487 (2008) (state court decision on substantive law not "factual predicate"); Turner v. Warren, No. 05-72274, 2006 WL 1109300, at *4 (E.D. Mich. Apr. 26, 2006) (same).  The specifications were present in the 1997 indictment, before trial, and were applied in the 1999 re-sentencing.  Waver was aware of the existence of the specifications.  See, e.g., doc. 21, RX 4, and RX 9, at 8. In either case, a limitations period predicated on the existence of the specifications would have run long before Waver filed his untimely habeas petition in this court.

The court finds that Waver is not entitled to statutory tolling which would re-trigger the limitations period.


## VI.  DILIGENCE

The court has determined that equitable tolling is not applicable in this case, therefore, it is unnecessary to consider the third and final issue identified by the appellate panel:

> . . . if the district court determines that equitable tolling is applicable
> in this context, it shall also consider whether Petitioner was required
> to exercise due diligence in pursuing his claim, if he in fact did exercise
> such diligence, and, if not, whether Petitioner's ineffective assistance of
> counsel claim provides a basis for excusing his lack of diligence.

(Doc. 12, at 3.)  The court has determined that equitable tolling is not applicable.

The court notes briefly, however, that Waver has demonstrated a lack of diligence throughout, beginning with his failure to appeal his conviction to the Ohio Supreme Court, through his failure to appeal the denial of his application to reopen his appeal to the Ohio Supreme Court, and the almost four-year delay until he filed his "complaint for writ of mandamus, or in the alternative, a writ of prohibition."

In addition, the Sixth Circuit has held that, where there is no connection between counsel's alleged ineffectiveness at the state level, and the petitioner's ability to file a timely federal habeas petition, there is no support for equitable relief.  Winkfield v. Bagley, No. 02-3193, 2003 WL 21259699 (6th Cir. May 28, 2003), cert. denied, 540 U.S. 969 (2003).  Moreover, it has found that attorney errors do not constitute the extraordinary circumstances required for equitable tolling. Ruvalcaba v. Gansheimer, No. 5:05CV0657, 2006 WL 1865763 (N.D. Ohio  June 30, 2006) (citing Jurado v. Burt, 337 F.3d 638, 644-645 (6th Cir. 2003)); see also Springer v. Benik, No. 04-2294, 2005 WL 1389598 (7th Cir. June 7, 2005).

24

## V. SUMMARY

The petition for a writ of habeas corpus should be denied, as untimely filed.
Waver has failed to demonstrate that this is one of those extraordinary cases where
a credible claim of actual innocence would entitle him to equitable tolling.  In
addition, Waver is not entitled to statutory tolling which would re-trigger the
limitations period.

## RECOMMENDATION

It is recommended that the petition be denied as untimely.

Dated:  __Sept. 1, 2009____          __/s/ Kenneth S. McHargh_____
                                     Kenneth S. McHargh
                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the
Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections
within the specified time WAIVES the right to appeal the District Court's order.  See
Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.
1981).